**O'CONNOR et vir. v. CENTRAL POWER & LIGHT CO. et al.**

**No. 11975.**

Court of Civil Appeals of Texas. San Antonio.

Sept. 14, 1949.

Rehearing Denied Oct. 12, 1949.

Edward L. Dunlap, Victoria, Edw. C. Thomas, Victoria, for appellants.

J. M. Wilson, Corpus Christi, H. K. Howard, Corpus Christi, K. D. Hall, Refugio, for appellees.

NORVELL, Justice.

In accordance with the provisions of Article 3264 et seq., Vernon's Ann.Civ. Stats., the Central Power and Light Company instituted proceedings to condemn a right-of-way for an electric transmission line across two certain tracts of land belonging to Mrs. Mary Vivian O'Connor. On July 6, 1948, the special commissioners appointed in said proceedings awarded damages of $285.00, and the power company filed a bond so as to acquire the right of immediate possession. Article 3268. Mrs. O'Connor, joined by her husband, L. W. O'Connor, objected to the commissioners' award and the case took its place upon the docket for trial as an ordinary civil cause. The number of this cause was 818.

Subsequent condemnation proceedings were instituted against Mrs. O'Connor, which resulted in an award of $157.50. Mrs. O'Connor also objected to this award. The docket number of this second case was 823. The power company again gave a bond for immediate possession.

On October 7, 1948, the company filed a supplemental petition in Cause No. 818, in which it stated that, after having entered upon the right-of-way over one of the tracts involved in the first condemnation proceed-

ing (described as the "First Tract" in the pleadings), it had discovered that the proposed location was not feasible because of its proximity to oil well drilling operations, and for that reason the proposed right-of-way would be abandoned.

On October 9, 1948, the power company filed a motion to consolidate the two causes, Nos. 818 and 823. It was alleged that the right-of-way over the "First Tract" involved in Cause No. 818 had been abandoned, but that in Cause No. 823 the company sought to condemn a right-of-way across the same tract of land, along a different course.

The County Judge entered an order consolidating the two suits.

Mrs. O'Connor and her husband then brought this suit in the District Court, seeking to enjoin Central Power and Light Company and the County Judge of Refugio County, Texas, from "trying said two causes, Number 818 and Number 823, as a consolidated cause and before the trial of said Cause Number 818 as a single cause of action."

The District Judge refused the application for injunction.

Mrs. O'Connor and husband, as appellants, rely primarily upon the case of Brazos River Conservation & Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842, in which it was held that an injunction would lie to prevent the abandonment of a prior condemnation proceeding and the institution of a new proceeding having for its purpose the condemnation of the same property when this resulted in prejudice to the landowner. The basis for the injunction, as stated in the opinion, was Subdivsion 2 of Article 4642, Vernon's Ann.Civ.Stats., which provides that an injunction may be granted "where a party does some act respecting the subject of pending litigation or threatens or is about to do some act or is procuring or suffering the same to be done in violation of the rights of the applicant when said act would tend to render judgment ineffectual."

■ There is a distinction between this cause and the Brazos District case. The right of ways across the O'Connor tract (the "First Tract" of Cause No. 818) involved in the two condemnation suits, Nos. 818 and 823, are not the same. The company first acquired one right-of-way and found it unfeasible, and then proceeded to condemn a new and different right-of-way, although it was across the same tract of land. The question involved in the condemnation proceedings is the amount of money which should be paid to Mrs. O'Connor for the right of ways. A consolidation of the two causes for trial would in no way prejudice appellants. No act is threatened which would render a judgment ineffectual so as to authorize the District Court to issue an injunction under the provisions of Article 4642, § 2.

■ As a further ground for reversal, it is asserted that no bona fide effort to agree upon the value of the land involved was made by the power company before the second suit (No. 823) was commenced. In their pleadings in said cause, the power company alleged that such an attempt was made. This presents a matter for determination by the County Court and not for the District Court in an injunction proceeding.

The judgment appealed from is affirmed.

SMITH, C. J., absent.